FILED
DECEMBER 7, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PH

07 C 6903

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS' WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS' TRAINING FUND, LOCAL 597; the BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; and THE PIPE FITTERS ASSOCIATION, LOCAL 597 U.A., | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>NO.<br><br><br>JUDGE:<br><br><br>MAGISTRATE JUDGE: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| TOTAL MECHANICAL, INC., an Illinois Corporation, and VINCENT MOLLER, an individual, | ) ) ) ) | |
| Defendants. | ) | |

**JUDGE PALLMEYER**
**MAGISTRATE JUDGE MASON**

## COMPLAINT

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.*, by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants, TOTAL MECHANICAL, INC., ("TOTAL MECHANICAL"), and VINCENT MOLLER ("MOLLER") and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 1132 and 185). Jurisdiction is founded on the existence of federal questions arising thereunder.

2. The BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, The BOARD OF TRUSTEES of the PIPE FITTERS' WELFARE FUND, LOCAL 597, The BOARD OF TRUSTEES of the PIPE FITTERS' TRAINING FUND, LOCAL 597, are authorized to administer The PIPE FITTERS' WELFARE FUND, LOCAL 597, The PIPE FITTERS' RETIREMENT FUND, LOCAL 597, The PIPE FITTERS' TRAINING FUND, LOCAL 597 (hereinafter referred to as the "TRUST FUNDS"), which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., (hereinafter referred to as the "UNION"), and therefore, are multi-employer plans under 29 U.S.C. § 414(f). The Trust Funds are administered at 45 North Ogden Avenue, Chicago, Illinois. Therefore, venue is proper in the Northern District of Illinois, Eastern Division.

3. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST is authorized to administer the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST (hereinafter referred to as "INDUSTRY FUND").

4. The UNION is the bargaining representative of TOTAL MECHANICAL's bargaining unit employees.

5. The Defendant TOTAL MECHANICAL is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (Copies of these agreements are attached hereto as Exhibit 1).

2

6. Through the agreements referred to in paragraph 5, the Defendant TOTAL MECHANICAL also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

7. Pursuant to the provisions of the Collective Bargaining and Trust Agreements, the Defendant TOTAL MECHANICAL is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly contribution reports") and pay contributions to the TRUST FUNDS and the INDUSTRY FUND for each hour worked at the rate specified in the Collective Bargaining Agreement and the Trust Agreements. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

8. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

9. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1%

per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

10. Defendant MOLLER is the President of Defendant TOTAL MECHANICAL.

11. On or about August 9, 2007, Defendants TOTAL MECHANICAL and MOLLER entered into a Secured Settlement Agreement with the TRUST FUNDS and the UNION (attached hereto as Exhibit 2).

12. MOLLER, acting in his authorized capacity as an officer of TOTAL MECHANICAL, signed the Secured Settlement Agreement in his personal capacity and expressly agreed to become personally liable for the terms of the Agreement, in the event TOTAL MECHANICAL defaults on the Agreement.

13. The Secured Settlement Agreement entered into on August 9, 2007 provided for the payment of debts accrued as the result of the Defendant TOTAL MECHANICAL's having failed to meet its obligation to pay contributions pursuant to the Collective Bargaining Agreement and Trust Agreements, resulting in outstanding wage work assessments, Trust Fund contributions, Trust Fund liquidated damages and Trust Fund interest, encompassing the contribution periods of January 1, 2002 through June 30, 2007.

14. Under the terms of the Settlement Agreement, Defendants TOTAL MECHANICAL and MOLLER agreed to make twenty-four (24) consecutive monthly payments of $10,344.53 commencing on August 1, 2007, and on the first day of each month that follows. (Exhibit 2, ¶ 1).

15. Defendants TOTAL MECHANICAL and MOLLER further agreed to submit timely monthly contribution reports and monthly contribution payments in a timely manner (as

defined in the Collective Bargaining Agreement and Trust Agreements) from August 1, 2007 through the duration of the Settlement Agreement. (Exhibit 2, ¶ 4).

16. The Settlement Agreement further specifies that if Defendant TOTAL MECHANICAL fails to make any payment when due or fail to perform any other term or condition of Agreement, the UNION, TRUST FUNDS and/or INDUSTRY FUND may declare all unpaid amounts under the Agreement immediately due and payable with interest. (Exhibit 2, ¶¶ 3, 5).

17. Subsequent to entering into the Secured Settlement Agreement, TOTAL MECHANICAL submitted payment for July and August 2007 contributions late and further failed to submit contribution reports or the associated payments for the periods of September and October of 2007.

18. Because Defendants TOTAL MECHANICAL failed to submit contribution payments and reports timely, liquidated damages and interest charges have accrued for the periods of July and August of 2007 in the amount of $5,734.96, and for the months of September and October of 2007 in an unknown amount.

19. Defendants TOTAL MECHANICAL and MOLLER further failed to make timely settlement payments for the months of September, October and December of 2007.

21. Because Defendant TOTAL MECHANICAL failed to submit timely contribution payments, TOTAL MECHANICAL has breached the terms of the August 9, 2007 Settlement Agreement and the unpaid balance became immediately due and payable with interest, pursuant to the acceleration clause in paragraph 5 of the Agreement.

22. Because Defendant TOTAL MECHANICAL is in breach of the Settlement Agreement, Defendant MOLLER is personally liable for the unpaid balance under the terms of the

Agreement that MOLLER entered into.

23. Pursuant to the Collective Bargaining Agreement, TOTAL MECHANICAL is required to deduct UNION dues from its employees' paychecks (called wage work assessment) and remit payment of those dues to the UNION.

24. Defendants TOTAL MECHANICAL and MOLLER owe the UNION, the INDUSTRY FUND, and the TRUST FUNDS approximately $214,563.22, which represents known contributions and UNION dues, together with liquidated damages and interest for the period of January 1, 2002 through the present.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from the Defendants.

26. Plaintiffs have complied with all conditions precedent in bringing this suit.

27. Defendants are obligated to pay the audit fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendants TOTAL MECHANICAL and MOLLER, jointly and severally, in the Aggregate amount of approximately $214,563.22.

B. That judgment be entered in favor of Plaintiffs and against Defendants TOTAL, MECHANICAL and MOLLER, jointly and severally, for whatever contributions, liquidated damages, interest, and UNION dues are found to be due and owing in addition to the amount referred to in paragraph A above.

C. That Defendants TOTAL MECHANICAL and MOLLER be ordered to pay the reasonable audit fees, attorney fees, and costs incurred by the Plaintiffs, pursuant to the Collective Bargaining Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

JOHNSON & KROL, LLC

By: _____
Joseph E. Mallon
One of Plaintiffs' Attorneys

Johnson & Krol, LLC
208 South LaSalle Street, Suite 1602
Chicago, IL 60604
(312) 372-8587