## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), by and between TOTAL MECHANICAL, INC. ("TOTAL"); VINCENT MOLLER ("MOLLER"), individually; The Pipe Fitters' Welfare Fund, Local 597; The Pipe Fitters' Retirement Fund, Local 597; The Pipe Fitters' Training Fund, Local 597; and The Industry Improvement Fund, Local 597 ("Trust Funds"); and The Pipe Fitters Association, Local 597 U.A ("Union") is hereby entered into:

WHEREAS, TOTAL is signatory to a Collective Bargaining Agreement with The Pipe Fitters Association Local Union No. 597 U.A.;

WHEREAS, pursuant to the Collective Bargaining Agreement to which TOTAL is bound, it incurred liability for contributions/Union dues liquidated damages, interest and attorney's fees to the TRUST FUNDS and the UNION;

WHEREAS, TOTAL and MOLLER entered into a Secured Settlement Agreement with the TRUST FUNDS and the UNION on January 19, 2007 for unpaid contributions/Union dues, liquidated damages, interest and attorney's fees in the amount of $207,049.50 for the period of January 1, 2002 through December 31, 2006; and

WHEREAS, subsequent to entering into the Secured Settlement Agreement on January 19, 2007, TOTAL and MOLLER have failed to meet their obligation to make settlement payments and submit post-settlement contributions and Union dues in a timely manner resulting in outstanding liquidated damages, interest, attorney's fees and costs from January 1, 2007 through June 30, 2007 in the amount of $5,490.35. TOTAL and MOLLER have further failed to submit the required settlement payments, resulting in an outstanding balance of $222,411.32 due under the Secured Settlement Agreement.

**IT IS HEREBY AGREED AS FOLLOWS:**

1. TOTAL owes the TRUST FUNDS and the UNION the principal balance of $229,353.22 representing a period of delinquency from January 1, 2002 through June 30, 2007. TOTAL shall pay off this principal balance over a twenty four (24) month period at 8.25% interest pursuant to the Amortization Schedule attached hereto as Exhibit 1. TOTAL shall make the twenty four (24) monthly installments in the amounts and on the dates shown in Exhibit 1.

2. <u>All</u> of the installment payments called for in this Agreement shall be made payable to the **Pipe Fitters Welfare Fund, Local 597** and shall be mailed to the TRUST FUNDS' and UNION's attorneys at the following address:

   Johnson & Krol, LLC
   208 South LaSalle Street,
   Suite 1602
   Chicago, IL 60604



3. Any monthly payment <u>not received</u> by the due date shown on Exhibit 1 shall constitute a default of this Agreement.

4. TOTAL shall submit contribution reports and payments for the periods subsequent to July 1, 2007 in a timely manner. Failure by TOTAL to submit contribution reports and payments in a timely manner shall constitute a default on this Agreement.

5. In the event TOTAL defaults on any of its obligations under the terms of this Settlement Agreement: 1) all remaining payments referenced herein will be accelerated and become immediately due and payable; 2) TOTAL and MOLLER hereby confess judgment for any and all unpaid amounts; 3) an additional liquidated damages charge of 10% of all unpaid amounts shall become due and payable by TOTAL and MOLLER, and 4) in the event the TRUST FUNDS and/or UNION are required to engage an attorney to collect any amounts due under this Agreement, TOTAL and MOLLER shall be liable for all their reasonable attorney's fees and costs.

6. **TIMELY PAYMENT INCENTIVE.** The TRUST FUNDS and UNION shall waive the last two (2) monthly payments due under paragraph 1 above if TOTAL complies with all of the following:

    a) TOTAL makes the first twenty two (22) monthly payments required under paragraph 1 by the due date;

    b) TOTAL submits its Contribution Reports and payments for the period 07-01-2007 through 08-1-2009 by the due dates.

7. MOLLER shall be individually liable for all of the obligations of TOTAL under the terms of this Agreement.

8. Should the TRUST FUNDS and/or UNION choose to waive the lateness of any payment(s) called for in this Agreement, such waiver shall only be effective to the specified lateness actually waived and shall not act as a waiver to any subsequent payments.

9. The Contribution Reports submitted to the TRUST FUNDS and the UNION have not been verified by a TRUST FUNDS audit. If an audit should be conducted and a reporting deficiency or discrepancy is discovered for any contribution period, the parties agree that said discrepancy and/or deficiency shall be a separate and distinct claim from the claims settled in this Agreement.

10. That the recitals shall be considered a part of this Agreement.

11. That this Agreement shall be executed in counterparts and each one shall be deemed an original.

12. That this Agreement shall terminate upon the receipt of the last payment called for in this Agreement.

13. This Agreement shall be construed in accordance with Illinois law without regard to choice of laws except as preempted by applicable federal law.

14. The payments and obligations of TOTAL and MOLLER called for in this Agreement are secured by the Security Agreement attached hereto as Exhibit 2.

The parties have executed this Agreement on the dates set forth below:

**PIPE FITTERS' TRUST FUNDS, LOCAL 597**

By: Gregory J. Watson

DATE:

**PIPE FITTERS, LOCAL 597 U.A.**

By: Gregory J. Watson

DATE:

**TOTAL MECHANICAL, INC.**

By: Mr. Vincent Moller

DATE: 8/9/07

**VINCENT MOLLER**

By: Mr. Vincent Moller, Individually

DATE: 8/9/07

3

EXHIBIT 1

Total Mechanical, Inc.

Compound Period ......... : Monthly

Nominal Annual Rate .... : 8.250 %

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 07/25/2007 | 229,353.22 | 1 | | |
| 2 Payment | 08/01/2007 | 10,344.53 | 24 | Monthly | 07/01/2009 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 07/25/2007 | | | | 229,353.22 |
| 1 | 08/01/2007 | 10,344.53 | 362.88 | 9,981.65 | 219,371.57 |
| 2 | 09/01/2007 | 10,344.53 | 1,508.18 | 8,836.35 | 210,535.22 |
| 3 | 10/01/2007 | 10,344.53 | 1,447.43 | 8,897.10 | 201,638.12 |
| 4 | 11/01/2007 | 10,344.53 | 1,386.26 | 8,958.27 | 192,679.85 |
| 5 | 12/01/2007 | 10,344.53 | 1,324.67 | 9,019.86 | 183,659.99 |
| 2007 Totals | | 51,722.65 | 6,029.42 | 45,693.23 | |
| 6 | 01/01/2008 | 10,344.53 | 1,262.66 | 9,081.87 | 174,578.12 |
| 7 | 02/01/2008 | 10,344.53 | 1,200.22 | 9,144.31 | 165,433.81 |
| 8 | 03/01/2008 | 10,344.53 | 1,137.36 | 9,207.17 | 156,226.64 |
| 9 | 04/01/2008 | 10,344.53 | 1,074.06 | 9,270.47 | 146,956.17 |
| 10 | 05/01/2008 | 10,344.53 | 1,010.32 | 9,334.21 | 137,621.96 |
| 11 | 06/01/2008 | 10,344.53 | 946.15 | 9,398.38 | 128,223.58 |
| 12 | 07/01/2008 | 10,344.53 | 881.54 | 9,462.99 | 118,760.59 |
| 13 | 08/01/2008 | 10,344.53 | 816.48 | 9,528.05 | 109,232.54 |
| 14 | 09/01/2008 | 10,344.53 | 750.97 | 9,593.56 | 99,638.98 |
| 15 | 10/01/2008 | 10,344.53 | 685.02 | 9,659.51 | 89,979.47 |
| 16 | 11/01/2008 | 10,344.53 | 618.61 | 9,725.92 | 80,253.55 |
| 17 | 12/01/2008 | 10,344.53 | 551.74 | 9,792.79 | 70,460.76 |
| 2008 Totals | | 124,134.36 | 10,935.13 | 113,199.23 | |
| 18 | 01/01/2009 | 10,344.53 | 484.42 | 9,860.11 | 60,600.65 |
| 19 | 02/01/2009 | 10,344.53 | 416.63 | 9,927.90 | 50,672.75 |
| 20 | 03/01/2009 | 10,344.53 | 348.38 | 9,996.15 | 40,676.60 |
| 21 | 04/01/2009 | 10,344.53 | 279.65 | 10,064.88 | 30,611.72 |
| 22 | 05/01/2009 | 10,344.53 | 210.46 | 10,134.07 | 20,477.65 |
| 23 | 06/01/2009 | 10,344.53 | 140.78 | 10,203.75 | 10,273.90 |
| 24 | 07/01/2009 | 10,344.53 | 70.63 | 10,273.90 | 0.00 |
| 2009 Totals | | 72,411.71 | 1,950.95 | 70,460.76 | |
| Grand Totals | | 248,268.72 | 18,915.50 | 229,353.22 | |

## SECURITY AGREEMENT

TOTAL MECHANICAL, INC., an Illinois Corporation and VINCENT MOLLER, an individual ("Debtors") hereby grants to The Pipe Fitters' Welfare Fund, Local 597; The Pipe Fitters' Retirement Fund, Local 597; The Pipe Fitters' Training Fund, Local 597; The Industry Improvement Fund, Local 597; and The Pipe Fitters Association, Local 597 U.A. ("Secured Parties"), a security interest in the following property ("Collateral"):

1. All machinery, equipment and tangible personal property of every type or description whether no owned or hereafter acquired and including without limitation all machinery used by Debtors to perform construction services, workbenches, automotive equipment, office furniture and equipment, bookkeeping machines, typewriters, computers, adding machines, safes, desks, chairs and tables;
2. All Debtor's inventory;
3. All motor vehicles now owned or hereafter acquired by the Debtors;
4. All of the Debtors' Accounts Receivable now outstanding and all of its Accounts Receivable which may hereafter come into existence during the term of this agreement; and
5. All of the Debtor's cash,

to secure payment and performance of any of the Obligations identified or set out as follows ("Obligations"):

1. Payment of the principal balance of $229,353.22 which is to be paid pursuant to the terms set forth in the Settlement Agreement entered into on July ____, 2007;
2. The submission of monthly Contribution Reports and regular monthly contribution payments in a timely manner throughout the duration of the Agreement.

Default in payment or performance of any of the obligations under the Settlement Agreement or any other agreement not specifically mentioned herein is a default under this Agreement. Upon such default, Secured Parties may declare all obligations immediately due and payable and shall have remedies of a secured party under the Uniform Commercial Code.

Signed in duplicate this ____ day of July, 2007.

| PIPE FITTERS' TRUST FUNDS, LOCAL 597 | TOTAL MECHANICAL, INC. and VINCENT MOLLER |
|---|---|
| _/s/ Gregory Watson_ <br>Mr. Gregory Watson | _/s/ Vincent Moller_ <br>Mr. Vincent Moller, as President and Individually |

EXHIBIT 2