IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597; et al., | ) ) ) | No. 07-C-6903 |
| vs. | ) ) | Judge Pallmeyer |
| TOTAL MECHANICAL, INC. an Illinois Corporation, and VINCENT MOLLER, an individual. | ) ) ) | Magistrate Judge Mason |

**AMENDED
ANSWER TO COMPLAINT**

Now come the Defendants, TOTAL MECHANICAL, INC., an Illinois corporation and VINCENT MOLLER, by their attorney GEORGE E. BECKER, and answer to Plaintiffs' complaint as follows:

1.  This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. §1132 and 185). Jurisdiction is founded on the existence of federal questions arising thereunder.

    **ANSWER:** The Defendants admit the allegations in paragraph 1.

2.  The BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, The BOARD OF TRUSTEES of the PIPE FITTERS' WELFARE FUND, LOCAL 597, The BOARD OF TRUSTEES of the PIPE FITTERS' TRAINING FUNDS, LOCAL 597, are authorized to administer The PIPE FITTERS' WELFARE FUND, LOCAL 597, The PIPE FITTERS' RETIREMENT FUND, LOCAL 597 (hereinafter referred to as the "TRUST FUNDS"), which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION,

1

LOCAL UNION 597, U.A., (hereinafter referred to as the "UNION"), and therefore, are multi-employer plans under 29 U.S.C. § 414(f). The Trust Funds are administered at 45 North Ogden Avenue, Chicago, Illinois. Therefore, venue is proper in the Northern District of Illinois, Eastern Division.

**ANSWER:** The Defendants admit the allegations in paragraph 2.

3. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST is authorized to administer the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST (hereinafter referred to as "INDUSTRY FUND").

**ANSWER:** The Defendants admit the allegations in paragraph 3.

4. The UNION is the bargaining representative of TOTAL MECHANICAL's bargaining unit employees.

**ANSWER:** The Defendants admit the allegations in paragraph 4.

5. The Defendant TOTAL MECHANICAL is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (Copies of these agreements are attached hereto as Exhibit 1).

**ANSWER:** The Defendants admit that Total Mechanical is an employer engaged in an industry affecting commerce and further agree that it executed the one page "subscription" attached as Exhibit 1. The Defendants deny that the June 1, 2006 Area Agreement was in effect at the time of execution of the subscription and are without knowledge that the provisions of said

2

June 1, 2006 collective bargaining agreement applied at the time of the execution of the subscription. That Total Mechanical signed in this case.

6. Through the agreements referred to in paragraph 5, the Defendant TOTAL MECHANICAL also became bound by the provisions of the Agreement and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

**ANSWER:** The Defendant Total Mechanical admits that it is bound under the original agreement and declaration of trust which were executed on its behalf.

7. Pursuant to the provisions of the Collective Bargaining and Trust Agreement, the Defendant TOTAL MECHANICAL is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly contribution reports") and pay contributions to the TRUST FUNDS and the INDUSTRY FUND for each hour worked at the rate specified in the Collective Bargaining Agreement and the Trust Agreements. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

**ANSWER:** The Defendant Total Mechanical admits the allegations in paragraph 7.

8. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

**ANSWER:** The Defendants admit the existence of the Section 502(g) 2 of ERISA.

9. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

**ANSWER:** The Defendants admit the existence of the terms in the Collective Bargaining Agreement.

10. Defendant MOLLER is the President of Defendant TOTAL MECHANICAL.

**ANSWER:** The Defendants admit that Moller is currently the President of Total Mechanical, but deny that he was President for the entire period for which Plaintiffs seek recovery.

11. On or about August 9, 2007, Defendants TOTAL MECHANICAL and MOLLER entered into a Secured Settlement Agreement with the TRUST FUNDS and the UNION (attached hereto as Exhibit 2).

**ANSWER:** The Defendants admit the existence of the August 9, 2007 agreement and that it was executed by Moller. The Defendants deny Moller was given any consideration to become personally liable for the monies Total Mechanical owed prior to August, 2007.

12. MOLLER, acting in his authorized capacity as an officer of TOTAL MECHANICAL, signed the Secured Settlement Agreement in his personal capacity and expressly agreed to become personally liable for the terms of the Agreement, in the event TOTAL MECHANICAL defaults the Agreements.

**ANSWER:** The Defendants admit that Moller signed the Security Agreement, but deny Plaintiffs gave him any consideration to assume personal liability for over $200,000.00 in obligations and deny the amount contained in the secured settlement agreement is accurate based upon payments made by Total Mechanical to date.

13. The Secured Settlement Agreement entered into on August 9, 2007 provided for the payment of debts accrued as the result of the Defendant TOTAL MECHANICAL's having failed to meet its obligation to pay contributions pursuant to the Collective Bargaining Agreement and Trust Agreements, resulting in outstanding wage work assessments, Trust Fund contributions, Trust Fund liquidated damages and Trust Fund interest, encompassing the contribution periods of January 1, 2002 through June 30, 2007.

**ANSWER:** The Defendants admit the execution of the settlement agreement, but deny the accuracy of the amounts claimed by Plaintiff for the period January 1, 2002 through June 30, 2007 because there have been additional payments received and accepted by Plaintiffs.

14. Under the terms of the Settlement Agreement, Defendants TOTAL MECHANICAL and MOLLER agreed to make twenty-four (24) consecutive monthly payments of $10,344.53 commencing on August 1, 2007, and on the first day of each month that follows. (Exhibit 2, ¶ 1).

**ANSWER:** The Defendants admit the terms of the Settlement Agreement, but deny they are binding on Moller because since he did not receive consideration to personally assume liability for Total Mechanical's debt.

15. Defendants TOTAL MECHANICAL and MOLLER further agreed to submit timely monthly contribution reports and monthly contribution payments in a timely manner (as

5

defined in the Collective Bargaining Agreement and Total Agreements) from August 1, 2007 through the duration of the Settlement Agreement. (Exhibit 2, ¶ 4).

**ANSWER:** The Defendants admit those terms are contained in the Settlement Agreement.

16. The Settlement Agreement further specifies that if Defendant TOTAL MECHANICAL fails to make any payment when due or fail to perform any other term or condition of Agreement, the UNION, TRUST FUNDS and/or INDUSTRY FUND may declare all unpaid amounts under the Agreement immediately due and payable with interest. (Exhibit 2, ¶¶ 3, 5).

**ANSWER:** The Defendants admit those terms are contained Agreement.

17. Subsequent to entering into the Secured Settlement Agreement, TOTAL MECHANICAL submitted payments for July and August 2007 contributions late and further failed to submit contribution reports or the associated payments for the periods of September and October of 2007.

**ANSWER:** The Defendants admit late payment of July and August, 2007, but deny the remaining allegations in paragraph 17.

18. Because Defendants TOTAL MECHANICAL failed to submit contribution payments and reports timely, liquidated damages and interest charges have accrued for the periods of July and August of 2007 in the amount of $57334.96, and for the months of September and October of 2007 in an unknown amount.

**ANSWER:** The Defendants deny the allegations in paragraph 18.

19. Defendants TOTAL MECHANICAL and MOLLER further failed to make timely settlement payments for the months of September, October and December of 2007.

6

**ANSWER:** The Defendants admit September and October payments were untimely, but deny the remaining allegations in paragraph 19.

20. **ANSWER:** There is no paragraph 20 so Defendants make no response to same.

21. Because Defendant TOTAL MECHANICAL failed to submit timely contribution payments, TOTAL MECHANICAL has breached the terms of the August 9, 2007 Settlement Agreement and the unpaid balance became immediately due and payable with interest, pursuant to the acceleration clause in paragraph 5 of the Agreement.

**ANSWER:** The Defendants admit that at various times Total Mechanical has failed to make timely payments, leading to a technical breach of the Agreement, but state affirmatively that it has made subsequent payments toward the settlement agreement which were accepted by Plaintiffs.

22. Because Defendant TOTAL MECHANICAL is in breach of the Settlement Agreement, Defendant MOLLER is personally liable for the unpaid balance under the terms of the Agreement that MOLLER entered into.

**ANSWER:** The Defendants deny that Moller received any consideration to assume the obligations of Total Mechanical and therefore deny the allegations in paragraph 22. Defendant Total Mechanical admits it has made certain payments late but, has tendered multiple subsequent payments toward the Settlement Agreement, which were accepted by Plaintiffs.

23. Pursuant to the Collective Bargaining Agreement, TOTAL MECHANICAL is required to deduct UNION dues from its employees' paychecks (called wage work assessment) and remit payment of those dues to the UNION.

**ANSWER:** The Defendants admit the terms of the current collective bargaining agreement require the wage work assessment.

7

24. Defendants TOTAL MECHANICAL and MOLLER owe the UNION, the INDUSTRY FUND, and the TRUST FUNDS approximately $214,563.22, which represents known contributions and UNION dues, together with liquidated damages and interest for the period of January 1, 2002 through the present.

**ANSWER:** The Defendants deny the amount claimed, but admit owing money under the terms of the Settlement Agreement.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from the Defendants.

**ANSWER:** The Defendants deny the allegations in paragraph 25.

26. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** The Defendants deny the allegations in paragraph 26.

27. Defendants are obligated to pay the audit fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreement and 29 U.S.C. §1132(g)(2)(D).

**ANSWER:** The Defendants admit the language is contained in the documents and statute.

Wherefore Defendants pray that this Court deny the relief requested, plus costs and attorneys fees for this defense.

                              Respectfully submitted,

                              /s/ George E. Becker
                              George E. Becker

GEORGE E. BECKER
GEORGE E. BECKER, P.C.
33 N. LaSalle Street – Suite 3300
Chicago, Illinois 60602
(312) 236-2803